José Ramos Flores, demandante y apelante, *v.* Ulpiano Castillo, demandado y apelado.

Núm. 8996.—*Sometido:* Diciembre 7, 1944. *Resuelto:* Diciembre 20, 1944.

*Sergio León Lugo,* abogado del apelante; *R. Hernández Matos,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 11 de marzo de 1943 el demandante entabló pleito por $450 ante la corte municipal contra el demandado, un detallista. Basaba su causa de acción en que se le había cobrado

de más la suma de 45½ centavos por nueve artículos alimenticios que alegaba el demandante había comprado en el establecimiento del demandado. El demandante reclamaba $50 por cada uno de los nueve cobros excesivos, de conformidad con la Ley Federal de Emergencia sobre Control de Precios de 1942. La corte municipal, luego de celebrar una vista, concedió al demandante la suma de $100, y $26 para costas y honorarios de abogado. El demandante no apeló. El demandado, sin embargo, apeló a la corte de distrito, que oyó el caso y dictó sentencia a favor del demandado.

Nos confrontamos primeramente con la contención de que esta corte no tiene jurisdicción para conocer de la apelación del demandante. La teoría del demandado es que al no apelar el demandante de la sentencia de $100, después de haber reclamado en su demanda $450, convirtió el caso, en lo que respecta al demandante, en un pleito de $100. Y por tanto, cuando la corte de distrito resolvió a favor del demandado sobre la base de la apelación de éste, no procede la apelación· del demandante ante esta corte contra esa sentencia, en vista del hecho de que la reclamación del demandante ya no excedía de $300. (Artículo 295, Código de Enjuiciamiento Civil, ed. 1933).

No podemos convenir con esta contención. La apelación a la corte de distrito exigía un juicio *de novo*. Por tanto, la sentencia de la corte municipal en efecto legal fué eliminada, y la corte de distrito tenía ante sí solamente la demanda original por $450. Y al desestimarse dicha demanda, el demandante tenía derecho a apelar ante esta corte.

Cuando examinamos los méritos del caso, encontramos un manifiesto conflicto en la prueba ante la corte de distrito. El demandante y sus testigos declararon que aquél había comprado los artículos en cuestión y otros artículos más; que el dependiente del establecimiento había hecho una lista en papel de estraza de los artículos comprados, poniéndole sus precios; y que el demandante después hizo una declaración a ese efecto en la oficina local de la O.A.P.

Por otro lado, el demandado, el cajero del establecimiento y otros clientes declararon que el demandante había entrado al establecimiento acompañado de dos personas; que le entregó al dependiente un papel de estraza con la lista de los artículos y sus precios ya escritos; que el dependiente se negó a venderle los artículos al demandante a dichos precios debido a que excedían los precios máximos fijados a los mismos; y que el dependiente había llamado al demandado, quien era el dueño, confirmando éste la negativa del dependiente; y que entonces el demandante abandonó el establecimiento sin comprar nada.

La explicación de que el demandante entró al establecimiento con una lista preparada de precios sería en el caso corriente una explicación dudosa de esta transacción. Ciertamente tales listas son de ordinario preparadas por el dependiente del establecimiento. Sin embargo, como indica el demandado, al presente tales listas se hacen corrientemente en una libreta de órdenes y no en papel de estraza. Y no se puede dudar que la liberal disposición de daños es una espada de doble filo: detiene a los delincuentes, pero también se presta a que reclamantes inescrupulosos hagan mal uso de ella.

En este caso la corte de distrito resolvió en efecto que éste era un caso preparado de antemano. Hubo prueba para justificar esta conclusión. Por tanto, no estamos autorizados en decir que hubiéramos llegado a una conclusión contraria, en vista del hecho de que la resolución de la corte inferior no es enteramente irracional. Como cuestión de hecho, es difícil creer que una persona que vende sobre los precios máximos de ordinario entregaría prueba escrita de ello haciendo una lista con los precios ilegales. Añadimos que la contención del apelante de que la corte de distrito actuó movida por pasión, prejuicio y parcialidad no tiene base en el récord.

■ El apelante también señala como error el no haber la corte inferior admitido en evidencia la declaración del demandante prestada ante un empleado de la O.A.P. en cuanto a los hechos de este caso. La teoría por la cual el demandante ofreció en evidencia esta declaración fué que el referido pedazo de papel de estraza había desaparecido del archivo de la corte municipal y que la declaración prestada ante la O.A.P. era una copia del mismo.

Es desgraciada la desaparición de este papel. En su forma .original—de puño y letra bien del demandante o del dependiente—hubiera sido de mucha utilidad a la corte de distrito para averiguar la verdad. Pero como una mera declaración del demandante a la O.A.P. de los hechos de este caso, aún. si asumiéramos que fuera admisible, tendría poco peso, de tener alguno, en la determinación de los hechos. Su exclusión por tanto no fué perjudicial al demandante.

*La sentencia de la corte de distrito será confirmada.*